On a petition for rehearing,
Freeman, J.,
delivered the following opinion: '
A very earnest petition is presented in this óase, accompanied by an argument ingenious and plausible, which, having examined, we proceed to give our conclusion.
*318 It is insisted, that the court, in the former opinion, misunderstood and misconstrued th.e condition of the bond of Robinson as revenue collector, as being by its terms for the whole term of his office.
Its terms are follows: “ The rendition of the above obligation is such, that whereas, the above bound, W. C. Robinson, has been elected revenue collector for Madison' county for two years, from and after the first Saturday in March, 1866, as appears from the certificate of the coroner of said county. Now, if the said William C. Robinson, shall well and truly collect all State taxes, which by law he ought to collect, and well and truly account for, and pay over all taxes by him collected, or which ought to be by him collected, according to law, then this obligation to be void,” etc.
The argument is, that this bond is to pay over the money or taxes, according to law, and that the law required a bond to be given for each year, and, therefore, this bond must be construed to be a bond for one year, and not for the term of office.
The condition is to “pay over all taxes by him collected, or which ought to be by him collected, according to law.” This gives no period in which he is to collect the taxes, nor does it fix the period for which the obligation binds the parties, but only requires the accounting and paying over to be according to law — whenever collected. The law, it is true, requires a bond to be taken each year as to State taxes. • The provision is as follows: “A bond in a penalty double the amount of the State tax to be collected in the county, conditioned for the • faithful col *319 lection and payment to the Treasurer, of all taxes by him collected, against the last day of December.”
Now, this bond is not the bond conditioned according to the terms of the statute, is not limited to such taxes as by him are collected, or ought to be collected against the last day of December of that year.. If it had been thus, it would have been a statutory bond, and the recital of the term of office would not in anywise add to the period which the bond by its terms then would have covered.
We must take this as a good common law bond, and not the bond required by the statute, or conditioned as required. Then, what is its construction? It recites the fact, that the party has been elected for two years, as argued, in order to make the bond intelligible, and show its purpose, and then says, if he shall well and truly collect all State taxes, which by law he ought to collect, and well and truly account for, and pay over all taxes collected, or which ought to be collected, according to laAV. He shall pay it over, or account for it according to law, but there is nothing which says, we only bind ourselves for the period prescribed by law, or that in anywise limits the obligation to a less period, than the term of office. In a word, the bond limited to the one year is not given, but one in general terms, to account and pay over according to law, which necessarily means during his term of office, unless we hold that a party could not give a bond for this period, and that such an obligation would be limited, so as to confine its terms to a period less than the term' of office, by the *320 fact that the law required him to give a bond in different terms than that which he has chosen to give, He shall account and pay over according to law, but for what period is not stated, except it be for the term of his office. No other period is stated in the bond, nor is there any language from which we can infer the slightest limitation upon this period, as the duration of the obligation. We cannot then see how we can arbitrarily limit the period of the duration of the obligation, because, if the party had given a different bond; the one required by the statute, the period would have been so limited.
Without further, argument, we can but come to the same conclusion, as in the original opinion. The costs of this court will be taxed to the State, as the decree is reversed as to certain credits, which are here agreed to be allowed, rather than remand the case.'